**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

TERICA IGWEDIMMA, individually, and on behalf of others similarly situated,

Plaintiffs,

v.

VEHO TECH, INC.,

Defendant.

No. 1:26-cv-00684-JLH

**DEFENDANT'S ANSWER TO FIRST AMENDED[1] COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendant Veho Tech, Inc. ("Veho") answers the First Amended Collective and Class Action Complaint as follows:

## INTRODUCTION

1. Admitted only that Plaintiff Terica Igwedimma ("Ms. Igwedimma") purports to proceed as stated. The remaining allegations of this paragraph are denied.

2. Admitted only that Veho is a technology-driven logistics company.[2] The remaining allegations in this paragraph are denied.

3. Admitted.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

[1] Admitted Ms. Igwedimma filed a First Amended Complaint. The remaining allegations of this footnote are denied.
[2] Admitted Veho's website is https://shipveho.com.

9. Denied.

10. Admitted only that Fact Sheet #64 contains the quoted language.

11. Admitted only that Fact Sheet #64 contains the quoted language.

12. Denied.

13. Denied.

14. Denied.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Admitted only that Ms. Igwedimma seeks to represent the stated class and collective members. The remaining allegations of this paragraph are denied.

20. Denied.

21. Denied.

22. Admitted only that Ms. Igwedimma purports to proceed as stated. The remaining allegations of this paragraph are denied.

## JURISDICTION

23. Admitted only that the United States District Court of Delaware has jurisdiction over Veho. Denied that this Court has jurisdiction over Ms. Igwedimma's claims, because her claims are subject to a valid and enforceable arbitration agreement which requires the Court to stay this matter without prejudice to Ms. Igwedimma's ability to pursue individual arbitration.

24. Denied.

25. Admitted only that Ms. Igwedimma purports to proceed as stated. Denied that this

Court has jurisdiction over Ms. Igwedimma's claims, because her claims are subject to a valid and enforceable arbitration agreement which requires the Court to stay this matter without prejudice to Ms. Igwedimma's ability to pursue individual arbitration.

26. Admitted only that Ms. Igwedimma purports to proceed as stated. Denied that this Court has jurisdiction over Ms. Igwedimma's claims, because her claims are subject to a valid and enforceable arbitration agreement which requires the Court to stay this matter without prejudice to Ms. Igwedimma's ability to pursue individual arbitration.

27. Admitted only that Ms. Igwedimma purports to proceed as stated. Denied that this Court has jurisdiction over Ms. Igwedimma's claims, because her claims are subject to a valid and enforceable arbitration agreement which requires the Court to stay this matter without prejudice to Ms. Igwedimma's ability to pursue individual arbitration.

28. Admitted only that Veho's annual sales exceed $500,000 and that it has two or more employees. Denied that this Court has jurisdiction over Ms. Igwedimma's claims, because her claims are subject to a valid and enforceable arbitration agreement which requires the Court to stay this matter without prejudice to Ms. Igwedimma's ability to pursue individual arbitration.

29. Admitted only that Veho engages in interstate commerce. Denied that this Court has jurisdiction over Ms. Igwedimma's claims, because her claims are subject to a valid and enforceable arbitration agreement which requires the Court to stay this matter without prejudice to Ms. Igwedimma's ability to pursue individual arbitration.

30. Admitted.

31. Denied, because Ms. Igwedimma's claims are subject to a valid and enforceable arbitration agreement which requires the Court to stay this matter without prejudice to Ms. Igwedimma's ability to pursue individual arbitration.

32. Denied.

33. Admitted only that the United States District Court of Delaware has personal jurisdiction over Veho.

34. Admitted only that the United States District Court of Delaware has personal jurisdiction over Veho.

## VENUE

35. Denied, because Ms. Igwedimma's claims are subject to a valid and enforceable arbitration agreement which requires the Court to stay this matter without prejudice to Ms. Igwedimma's ability to pursue individual arbitration.

## PARTIES

36. Admitted.

37. Admitted.

38. Admitted only that Veho paid Ms. Igwedimma for her services in the form of an hourly wage for all credited hours work. The remaining allegations in this paragraph are denied.

39. Admitted.

40. Admitted.

## GENERAL ALLEGATIONS

41. Admitted only that Veho employed Ms. Igwedimma in a remote customer service role within the last three years.

42. Admitted.

43. Admitted.

44. Admitted.

a. Admitted.

b. Admitted.

c. Admitted.

d. Admitted.

e. Admitted.

f. Admitted.

45. Admitted.

46. Denied.

47. Admitted only that Veho's Employee Handbook U.S. Teammates provides that Veho pays employees on a weekly basis, and that employees should promptly report payroll errors. The remaining allegations in this paragraph are denied.

48. Denied.[3]

a. Denied.

b. Denied.

c. Admitted.

d. Admitted.

49. No response is required to this paragraph.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

e. Denied.[4]

50. No response is required to this paragraph.

---

[3] Denied.
[4] Denied.

a. Denied.

b. Denied.

51. Admitted only that Ms. Igwedimma was transferred to the position of Trust & Safety Coordinator, effective January 2025. The remaining allegations in this paragraph are denied.

a. Admitted.

b. Admitted.

c. Admitted.

d. Admitted.

e. Admitted.

f. Admitted.

52. No response is required to this paragraph.

a. Denied.

b. Denied.[5]

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Admitted.

[5] Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Admitted.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

**A. Pre-Shift Off-the-Clock Work**

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

### B. Meal-Period Off-the-Clock Work

87. Denied.

88. Denied.

89. Admitted only that 29 C.F.R. § 785.19(a) states as such.

90. Denied.

91. Denied.

92. Denied.

### C. Post-Shift Off-the-Clock Work

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

### D. Example of Defendant's Failure to Pay the Promised Hourly Rate

98. Denied.

99. Denied.

100. Denied.

101. Denied.

**E. Defendant Accepted and Benefitted from the Uncompensated Off-the-Clock Work**

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

115. Admitted only that Ms. Igwedimma seeks to represent the stated class and collective members. The remaining allegations of this paragraph are denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

a. Denied.

b. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

**RULE 23 CLASS ACTION ALLEGATIONS**

132. Admitted only that Ms. Igwedimma seeks to represent the stated class and collective members. The remaining allegations of this paragraph are denied.

133. Denied.

134. Denied.

a. Denied.

b. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

**COUNT I**
**(29 U.S.C. § 216(b) Collective Action)**
**VIOLATION OF FLSA, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME WAGES**

141. No response is required to Ms. Igwedimma's incorporation paragraph.

142. Denied.

143. Admitted only that Ms. Igwedimma was an employee of Veho within the meaning of 29 U.S.C. § 203(e)(1) of the Fair Labor Standards Act. The remaining allegations of this paragraph are denied.

144. Denied.

145. Admitted only that Ms. Igwedimma was employed in an enterprise engaged in commerce. The remaining allegations of this paragraph are denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

**COUNT II**
**(Rule 23 Class Action)**
**BREACH OF CONTRACT**

153. No response is required to Ms. Igwedimma's incorporation paragraph.

154. Admitted only that Ms. Igwedimma purports to proceed as stated.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

**COUNT III**
**(Rule 23 Class Action)**
**UNJUST ENRICHMENT**

164. No response is required to Ms. Igwedimma's incorporation paragraph.

165. Admitted only that Ms. Igwedimma purports to proceed as stated.

166. Denied.

167. Admitted only that Ms. Igwedimma purports to proceed as stated.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

To the extent any allegation in the First Amended Collective and Class Action Complaint is not expressly admitted, it is denied.

**PRAYER FOR RELIEF**

**WHEREFORE**, Veho respectfully requests that this court deny all relief sought by Ms. Igwedimma and, consistent with the valid and enforceable arbitration agreement Ms. Igwedimma signed, stay this matter without prejudice to Ms. Igwedimma's ability to proceed in individual arbitration.

**AFFIRMATIVE DEFENSES**

1. Ms. Igwedimma's claims are subject to an enforceable arbitration contract and must be compelled to individual arbitration. Class or collective proceedings are likewise barred by the arbitration agreement.

2. Veho and its agents at all times acted in good faith and with reasonable grounds for believing that its acts or omissions complied with the Fair Labor Standards Act, and thus, Ms. Igwedimma and the putative collective members she seeks to represent are not entitled to liquidated damages.

3. Ms. Igwedimma and the putative class and collective members she seeks to represent failed to report meal breaks or alleged uncompensated time, and their failure to do so precludes or limits any recovery.

4. Ms. Igwedimma's claims and the claims of the putative collective members she seeks to represent are barred, in whole or in part, by Section 4 of the Portal-to-Portal Act, 29 U.S.C. 254(a), as to all hours during which they were engaged in activities preliminary, postliminary, or incidental to their principal duties or activities, or otherwise were not engaged in compensable work.

5. Ms. Igwedimma's claims and the claims of the putative class members she seeks to represent are barred, in whole or in part, by the doctrines of equitable estoppel and unclean hands. Veho maintained and communicated policies and procedures requiring employees to report any alleged payroll, compensation, or timekeeping discrepancies through designated reporting channels so that such issues could be investigated and corrected. Despite knowledge of these procedures and the alleged discrepancies underlying their claims, Ms. Igwedimma and the putative class members failed to report such discrepancies, or otherwise represented through their conduct that their recorded time and compensation were accurate and complete. Veho reasonably relied on those representations or omissions in processing payroll and maintaining compensation records. Had Ms. Igwedimma and the putative class members reported the alleged discrepancies, Veho would have investigated and, if appropriate, corrected them. As a result, Ms. Igwedimma and the putative class members are barred from equitable relief.

6. To the extent Ms. Igwedimma or the individuals Ms. Igwedimma seeks to represent might have spent insubstantial or insignificant periods of time working beyond their recorded working hours, such time may be disregarded to the extent it cannot, as a practical administrative matter, be precisely recorded for payroll purposes.

7. Ms. Igwedimma lacks standing to raise some or all of the claims on behalf of herself and some or all of the putative class or collective action members.

8. In the event any sum may be found due and owing to Ms. Igwedimma or any alleged putative class or collective member, Veho is entitled to a set-off against said sum to the extent paid, tendered, waived, mitigated, compromised, or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, mitigated, compromised, or released through any other proceeding, either formal or informal.

9. Ms. Igwedimma's unjust enrichment claim, and the unjust enrichment claims of the putative class members she seeks to represent, are barred by express or implied contracts on the same subject.

Dated: July 30, 2026

Respectfully submitted,

**BARNES & THORNBURG LLP**

*/s/ Elizabeth S. Fenton*

Elizabeth S. Fenton (DE No. 5563)
Brittany M. Giusini (DE No. 6034)
222 Delaware Ave, Suite 1200
Wilmington, Delaware 19801
Telephone: 302-300-3434
Facsimile: 302-300-3456
Email: efenton@btlaw.com
bgiusini@btlaw.com

OF COUNSEL:

**LITTLER MENDELSON, P.C.**
Matthew J. Hank (PHV)
mhank@littler.com
Joseph M. Carr (PHV)
jmcarr@littler.com
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, Pennsylvania 19102.1321
Telephone: 267.402.3000
Facsimile: 267.402.3131

*Attorneys for Defendant*
*Veho Tech, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of July, 2026, the foregoing document was filed using the District of Delaware's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*/s/ Elizabeth S. Fenton*
Elizabeth S. Fenton (De Bar No. 5563)